**UNITED STATES of America,
Appellee,**

v.

**Barbara Renor JASPER, Defendant–
Appellant.**

**Docket No. 03–1720.**

United States Court of Appeals,
Second Circuit.

Aug. 20, 2004.

Daniel A. Braun, Assistant United States Attorney, for David N. Kelley, United ed States Attorney for the Southern District of New York (Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Roger Bennet Adler, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges. and HALL, District Judge.*

## SUMMARY ORDER

Defendant-appellant Barbara Renor Jasper appeals her conviction and sentence for embezzlement in violation of 18 U.S.C. § 657. Jasper contends, *inter alia*, that the district court's decision to enhance her sentence, both for more than minimal planning and for abuse of trust, was error.

In a previous summary order, we affirmed the validity of Jasper's embezzlement conviction. In light of the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and our request for certification on *Blakely's* applicability to the United States Sentencing Guidelines ("Guidelines"), *see United States v. Penaranda*, 375 F.3d 238 (2d Cir.2004) (in banc), we deferred deciding the merits of Jasper's sentencing arguments. *See United States v. Jasper*, 104 Fed.Appx. 781 (2d Cir.2004).

---

* The Honorable Janet C. Hall, United States District Court for the District of Connecticut,    sitting by designation.

In *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), our Circuit held that "[u]nless and until the Supreme Court rules otherwise, the law in this Circuit remains as stated" in prior cases upholding the validity of the Guidelines. *Id.* at 106. Following *Mincey,* we reject Jasper's *Blakely*-based challenge to the constitutionality of the Guidelines and to the validity of her sentence. Her other sentencing arguments are unavailing, and we reject them for substantially the reasons expressed by the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, —— U.S. ——, 125 S.Ct. 11, —— L.Ed.2d ——, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan,* No. 04–105, —— U.S. ——, 125 S.Ct. 12, —— L.Ed.2d ——, 2004 WL 1713655 (Aug. 2, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

We have considered all of Jasper's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.